IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Ignacio Salazar,<br>　　　　　Petitioner,<br>vs.<br>Charles L. Ryan, et al.,<br>　　　　　Respondents. | CV-11-89-TUC-DCB (JCG)<br><br>**REPORT & RECOMMENDATION** |

　　　　Petitioner, Gabriel Ignacio Salazar, who is presently confined in the Manzanita Unit of the Arizona State Prison Complex in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1) and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer"). (Doc. No. 7.) Petitioner did not file a reply. The Magistrate Judge recommends that the District Court deny the Petition.

//

//

//

//

//

## FACTUAL AND PROCEDURAL BACKGROUND

On April 30, 2009, the State charged Petitioner with possession of marijuana for sale having a weight of more than four pounds, a Class 2 felony (Count 1); transportation of marijuana for sale having a weight of more than two pounds, a Class 2 felony (Count 2); possession of drug paraphernalia (packaging material), a Class 6 felony (Count 3); unlawful flight from law enforcement vehicle, a Class 5 felony (Count 4) and resisting arrest, a Class 6 felony (Count 5). (Answer, Ex. A.)  The State amended the indictment to allege one historical prior conviction and aggravating circumstances other than prior convictions. (Answer, Exs. B & C.)

On December 17, 2009, Petitioner's trial counsel at the Cochise County Public Defender's Office filed a Notice of Trial Conflict, indicating that Petitioner's January 26, 2010 trial date conflicted with other hearings. (Answer, Doc. 7-1, pg. 70.)  On January 19, 2010, trial counsel moved to withdraw from representation of Petitioner due to Petitioner's failure to stay in contact with his attorney. (Answer, Ex. D.)  The motion to withdraw included a request to vacate Petitioner's trial. (Answer, Doc. 7-1, pg. 66.)  On that same date, the motion to withdraw was set for hearing on January 25, 2010; the order setting the hearing advised the parties to continue preparing for the January 26, 2010 trial in the event the motion was denied. (*Id.*)  On January 25, 2010, at the hearing on the motion to withdraw, the State notified the Court of its intent to try Petitioner *in abstentia*. (Answer, Ex. E.)  The Court confirmed the January 26, 2010 trial date. (Answer; Doc. 7-1, pg. 67.)

Petitioner failed to appear for trial; the trial court found his absence voluntary and empaneled a 9-person jury. (Answer, Ex. F.)  Following a one-day trial, the jury convicted Petitioner on Counts 1, 2, 4 and 5 of the indictment.[1] (*Id.*)

---

[1] It appears from the record that Count 3 of the indictment was dismissed. (Answer, Ex. H, pg. 7.)

- 2 -

1    Petitioner was arrested on a bench warrant and on March 8, 2010 a consolidated sentencing hearing on three cause numbers convened. (Answer, Ex. H.) The trial court sentenced Petitioner as a repetitive offender (one historical prior) to the presumptive sentences of 9.25 years on the possession for sale conviction, 9.25 years on the transportation for sale conviction, 2.25 years on the unlawful flight conviction and 1.75 years on the resisting arrest conviction, with all sentences to be served concurrently. (*Id.*)

Petitioner filed a notice of appeal; on September 29, 2010, appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) avowing that she could not discover any meritorious issues to raise on review. (Answer, Ex. I.) On October 29, 2010, Petitioner filed a supplemental appellate brief in which he raised four claims: (1) the trial court violated Petitioner's federal due process rights by conducting his trial *in abstentia*; (2) Petitioner's Sixth Amendment rights were violated because he was not provided a 12-person jury; (3) the jury instructions violated Petitioner's Sixth and Fourteenth Amendment rights; and (4) Petitioner's conviction was not supported by sufficient evidence in violation of his Fourteenth Amendment rights. (Answer, Ex. J.) The appellate court required the parties to provide supplemental briefing on the issue of whether Petitioner's convictions for sale and transportation of marijuana for sale violated double jeopardy. (Answer, Ex. K.) The parties complied; Petitioner's court-appointed appellate counsel filed a brief arguing that the convictions violated Petitioner's double jeopardy rights under the United States and Arizona Constitutions and the State conceded that argument in its response brief. (Answer, Exs. L & M.) On January 19, 2011, the Court of Appeals issued a decision rejecting the arguments raised in Petitioner's October 29, 2010 appellate brief but vacating the conviction and sentence for the possession of marijuana for sale conviction based on the supplemental briefing provided by the parties. (Answer, Ex. N.)

Petitioner did not seek review of the Court of Appeals' decision, nor did he seek post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P.

- 3 -

On February 2, 2011, Petitioner filed the instant Petition for Writ of Habeas Corpus, in which he raises the same four claims raised in his appeal:

**Ground 1:** the trial court violated Petitioner's federal due process rights by conducting his trial *in abstentia*;

**Ground 2:** Petitioner's Sixth Amendment rights were violated because he was not provided a 12-person jury;

**Ground 3:** the jury instructions violated Petitioner's Sixth and Fourteenth Amendment rights; and

**Ground 4:** Petitioner's conviction was not supported by sufficient evidence in violation of his Fourteenth Amendment rights.

In support of his Petition, Petitioner attached and incorporated by reference his October 29, 2010 appellate brief.

## **DISCUSSION**

The Magistrate Judge recommends that the Petition be denied. Grounds 2 and 3 fail to state a cognizable claim. Grounds 1 and 4, although exhausted, are without merit.

**A.   Non-Cognizable Claims**

In Ground 2, Petitioner alleges that his Sixth Amendment rights were violated because he was not provided a 12-person jury. However, the Sixth Amendment right to a trial by jury does not include a right to a 12-person jury. *See Williams v. Florida*, 399 U.S. 78, 86-103 (1970). Because 28 U.S.C. § 2254 permits the Court to entertain a Petition for Writ of Habeas Corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," and because Constitutional law does not guarantee a 12-person jury, Ground 2 fails to state a cognizable claim.

In Ground 3, Petitioner contends that the jury instructions violated Petitioner's Sixth and Fourteenth Amendment rights. In both his direct appeal and his federal Petition, Petitioner fails to identify which jury instructions were deficient or provide facts in support of the claim. This deficiency alone is sufficient for denial of Ground 3, as "conclusory

- 4 -

1 allegations which are not supported by a statement of specific facts do not warrant habeas
2 relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).  In addition, the correctness of jury
3 instructions are a matter of state law and involve no federal constitutional question that
4 would entitle Petitioner to relief.[2]  *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991).  Jury
5 instructions may be challenged on federal habeas review only if "the ailing instruction by
6 itself so infected the entire trial that the resulting conviction violates due process." *Cupp v.*
7 *Naughten*, 414 U.S. 141, 147 (1973).  Petitioner has not presented a due process claim with
8 respect to Ground 3.  Because Petitioner has failed to allege a violation of federal law,
9 Ground 3 fails to state a cognizable claim.

10 **B.    Exhaustion**

11 Ordinarily, before a federal court will consider the merits of a habeas petition, the
12 petitioner must exhaust the remedies available to him in state court.   28 U.S.C.
13 §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  First enunciated in *Ex parte*
14 *Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a
15 procedural hurdle on the path to federal habeas court, but to channel claims into an
16 appropriate forum, where meritorious claims may be vindicated and unfounded litigation
17 obviated before resort to federal court."  *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).
18 The requirement is grounded in principles of comity, and reflects a desire to protect state
19 courts' role in the enforcement of federal law.  *Castille v. Peoples*, 489 U.S. 346, 349 (1989)
20 (citation omitted).  The requirement is also based on a pragmatic consideration that fully
21 exhausted claims will usually be accompanied by a complete factual record once they reach
22 federal court.  *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

23 A petitioner must exhaust his claims by fairly presenting them to the state's highest
24 court, either through a direct appeal or collateral proceedings, before a federal court will

---

[2] The Court of Appeals reviewed the instructions and concluded that they were proper under Arizona law.

- 5 -

1 consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455
2 U.S. at 519. A petitioner must have also presented his claim in a procedural context in which
3 its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may
4 be precluded from federal review on exhaustion grounds in either of two ways. First, a claim
5 may be procedurally defaulted in federal court if it was actually raised in state court but
6 found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*,
7 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal
8 court if the petitioner failed to present the claim in a necessary state court and "the court to
9 which the petitioner would be required to present his claims in order to meet the exhaustion
10 requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner
11 has procedurally defaulted a claim in state court, a federal court will not review the claim
12 unless the petitioner shows "cause and prejudice" for the failure to present the constitutional
13 issue to the state court, or makes a colorable showing of actual innocence. *See Gray v.*
14 *Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray*
15 *v. Carrier*, 477 U.S. 478, 485 (1986).

16 Petitioner raised Grounds 1 and 4 in his direct appeal. Thus, they are properly
17 exhausted and will be considered on the merits.

18 **C.    Merits**

19 On habeas review, a state court's findings of fact are entitled to a presumption of
20 correctness when fairly supported by the record. *Wainwright v. Witt*, 469 U.S. 412, 426
21 (1985). The presumption of correctness also applies to a state appellate court's findings of
22 fact. *Sumner v. Mata*, 449 U.S. 539, 546 (1981). The question presented in a state prisoner's
23 petition for a writ of habeas corpus is "whether the state proceedings satisfied due process."
24 *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

25 Federal courts may entertain a state prisoner's petition for habeas relief only on the
26 grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the
27 United States. *Reed v. Farley*, 512 U.S. 339 (1994). General improprieties occurring in state

28

- 6 -

proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Bonin*, 77 F.3d at 1158. The Supreme Court has held in the habeas context that "this Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case and pose special burdens. *Chein v. Shumsky,* 373 F.3d 978, 983 (9th Cir. 2004) (en banc). Under AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle" from a Supreme Court decision "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In considering whether a state court has unreasonably applied Supreme Court precedent, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established

- 7 -

1 federal law erroneously or incorrectly. Rather, that application must also be unreasonable." 2 *Id.* at 411; *Bell v. Cone,* 535 U.S. 685, 694 (2002). In conducting habeas review, we 3 "presum[e] that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19, 4 24 (2002). When applying the AEDPA and reviewing whether a state court decision is 5 contrary to federal law, this court must look to the state's last reasoned decision as the basis 6 for its judgment. *See Avila v. Galaza*, 297 F.3d 911, 918 & n. 6 (9th Cir. 2002).

**1.     Ground 1 is without merit**

In Ground 1, Petitioner contends that the trial court violated Petitioner's federal due process rights by conducting his trial *in abstentia*. The Court of Appeals held that a defendant's waiver of his right to appear may be inferred if the defendant had personal knowledge of the time of the proceeding, his right to be present, and the warning that the proceeding would take place in his absence if he failed to appear. (Doc. 7-1, pg. 103.) This statement of the law was in keeping with the Constitutional standard. Although the Sixth Amendment guarantees a defendant the right to be present at trial, this right can be waived; such waiver is inferred if the defendant, after sufficient notice, voluntarily fails to appear. *See Smith v. Mann*, 173 F.3d 73 (2d. Cir. 1999) (distinguishing constitutional standard and Rule 43, Fed. R. Crim. P., and denying habeas relief to petitioner who knew the precise time and place he was to appear for trial, and that the consequence of his failure to appear would be a trial in absentia).

The Court of Appeals' decision with respect to Ground 1 was a reasonable determination of the facts in light of the evidence presented. The Court of Appeals noted that Petitioner had signed a notice explaining that the trial or any other proceeding could occur in his absence and that his failure to appear could be treated as a voluntary absence. (Answer, Ex. N.) The Court of Appeals also noted that Petitioner was present at a November 23, 2009 hearing which set the January 26, 2010 trial date. (*Id*.) Thus, it appears from the record that Petitioner received sufficient notice of the trial date but then voluntarily failed to appear. Petitioner's claim that the trial date was made uncertain by his trial counsel's filing

- 8 -

1 of a motion to withdraw is without merit; the trial court's January 19, 2010 order specifically advised the parties to continue preparing for the January 26, 2010 trial. The Court of Appeals' reasonably concluded that "nothing in the record suggest[s that Petitioner] could have believed his trial would not occur as scheduled." (*Id.*) Accordingly, Ground 1 is without merit.

### 2. Ground 4 is without merit

In Ground 4, Petitioner contends that his conviction was not supported by sufficient evidence in violation of his Fourteenth Amendment rights. Petitioner failed to present any factual allegations in support of this claim; it could be dismissed on that ground alone. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") In addition, the claim is without merit.

The Court of Appeals properly stated the applicable federal law in considering whether the evidence, viewed in the light most favorable to sustaining the verdict, was sufficient to support the jury's finding of guilt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (stating that in determining whether a conviction violates due process, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.")

The Court of Appeals' decision with respect to Ground 4 was a reasonable determination of the facts in light of the evidence presented. The Court of Appeals summarized the evidence as follows:

> When a police officer drove his marked patrol car behind Salazar's automobile, Salazar sped away in excess of the posted speed limit, did not stop after the officer activated his patrol car's emergency lights and siren, fled on foot after driving his vehicle into an alleyway, and struggled with the officer before being restrained and arrested. . . . During an inventory search of Salazar's vehicle, the officer discovered two burlap bags – one in the back seat and the other in the trunk – each containing three parcels of marijuana weighing a combined total of 123.4 pounds and having a value between $43,000 and $55,000.

- 9 -

Thus, there was ample evidence to support Petitioner's convictions for transportation of marijuana for sale (Petitioner was traveling with approximately $50,000 worth of marijuana in his vehicle), fleeing from a law enforcement vehicle (Petitioner sped away in excess of the speed limit after the officer activated lights and siren) and resisting arrest (Petitioner fled the officer on foot and struggled before being restrained and arrested). Accordingly, Ground 4 is without merit.

## **CONCLUSION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-11-89-TUC-DCB.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 24th day of May, 2011.

Jennifer C. Guerin
United States Magistrate Judge